# EXHIBIT C

TCU

# Appeal Request Form

Please fill out this form if you would like to appeal your conduct decision. ***Please attach a separate document below for responses over 250 words.*** This form must be completed within three (3) days after you receive your outcome letter and will fulfill the requirement of submitting a written appeal to the Dean of Students Office.

Conduct Offcer **(Required)**:

Jeremy Steidl

## Involved Parties

Name

[Emily Doe]

ID Number

[redacted]

Phone number

[redacted]

Email address

[redacted]

According to the Code of Student Conduct, a student can appeal a decision based on the following grounds for appeal. Please choose which one(s) you believe apply to your situation. (Required)

- [ ] Procedural error or irregularity – to determine whether the original process was conducted in conformity with prescribed measures and all relevant evidence was objectively evaluated giving the Complainant (in Title IX conduct cases) and Respondent a reasonable opportunity to prepare and to present a written response to those allegations. Deviations from designated procedures will not be a basis for sustaining an appeal unless significant prejudice or error resulted.
- [ ] Conflict of interest or bias – to determine whether the original process was conducted impartially and without conflict of interest or bias against complainants and/or respondents or against individual Complainants and/or Respondents in the present case, in light of the allegations and information presented.
- [ ] Unsupported finding – to determine whether the decision reached regarding the Respondent was based on substantial information and was not arbitrary or capricious, in other words, whether a reasonable decision-maker could have reached the same decision based on the information considered.
- [x] Disproportionate outcome – to determine whether the outcome imposed was appropriate for the violation(s) of the Code which the Respondent was found to have committed.
- [ ] New information – to consider new information, sufficient to alter a decision or other relevant facts not brought out in the original proceeding, because such information and/or facts were not known to the person appealing at the time of the original proceeding.

Please explain why you believe your conduct matter was not resolved correctly; Additionally, please explain why you selected the ground(s) for appeal above. Remember, your reason for appealing must be related to your selected ground(s) for an appeal. For example, if you select that you believe your outcome(s) was inappropriate, then (1) the "Disproportionate outcome" option should be selected above, and (2) you should explain below why you believe your outcome(s) was inappropriate. Please attach a separate document for responses over 250 words in the "Supporting Documentation" section. (Required)

See attached.

Please read and acknowledge the following: (Required)

- [x] I have read section 5.11 Appeals, in the Code of Student Conduct, and understand the grounds for filing an appeal.
- [x] I understand that my appeal must be received within three (3) days of the date of the letter notifying me of the conduct outcome(s).
- [x] I understand that all effort will be made for appeals to be decided within thirty (30) days of receipt of the appeal with the exception of the winter break, summer term, and University closure(s).
- [x] I understand that all initial conduct process determinations made and outcomes imposed by a University Conduct Officer, Student Conduct Administrator, Peer Conduct Board, formal Conduct Panel, or Title IX Conduct Panel will not be implemented during the appeals process. At the discretion of a University Conduct Officer and/or the Vice Chancellor of Student Affairs, an outcome(s) may be implemented pending review only in exigent circumstances.

## Supporting Documentation

Photos, video, email, and other supporting documents may be attached below. 5GB maximum total size.

**Attachments require time to upload, so please be patient after submitting this form.**

1 file(s) selected | **Choose Files**

[redacted]
size: 24.3 KB type: docx

**Submit**

**TEXAS CHRISTIAN UNIVERSITY TITLE IX APPEAL**

[redacted]

**Complainant**

**v.** [redacted]

[redacted]

**Respondent**

**APPEAL OF DISPROPORTIONATE OUTCOME IMPOSED BY THE FOLLOWING PANEL MEMBERS:**

**Annie Cowden, Director - BNSF Neeley Leadership**

**Dr. Christine Hall, Assistant Professor of Professional Practice**

**Dr. Jay Iorizzo, Director - Campus Recreation**

**GROUNDS OF APPEAL**

On October 15, 2024, I filed a Title IX complaint asserting that [redacted] raped me while I slept.

Each and every one of the panel members concluded that [redacted] sexually assaulted me by inserting his penis into my vagina, without my consent, while I was incapacitated because asleep. Or, as every woman in this country would define it, he raped me.

I appeal the ludicrously insufficient "remedy" assessed by the Title IX panel in my case. I am certain that the public, TCU alumni, current students and prospective students do not believe or expect that TCU allows its female students to be raped without consequence. No one would openly express that as a policy, but it is undeniably the result in my case.

The term "nonconsensual sexual intercourse" sounds so benign. But let's call it what it is. In almost every state in America, NONCONSENSUAL SEXUAL INTERCOURSE IS RAPE. So, the panel found unanimously that [redacted] raped me. And what is the punishment for rape at TCU according to the panel members? The punishment is homework! [redacted] is required to have a few private meetings with an associate dean, change dorms, rewatch some videos and write a short private reflection paper. The sexual assault won't even be on his TCU transcript!

The panel unanimously concluded that there is some equivalence between my being raped and my rapist's having to move to another dorm without a hint of blemish on his record. Can you imagine how worthless the panel's judgment makes me feel? Can you imagine how worthless all Female Students will feel when they are informed that the punishment for rape at TCU is homework and a clean record? SHAME on TCU and on anyone who supports that decision.

In Texas the punishment for non-consensual sex is 2 to 20 years in prison.

It is well known that sexual assault on college campuses is rampant. A recent study found that, among undergraduate students, 26.4% of females experience rape or sexual assault through physical force, violence, or incapacitation. (David Cantor, Bonnie Fisher, Susan Chibnall, Reanna

Townsend, et. al. Association of American Universities (AAU), **Report on the AAU Campus Climate Survey on Sexual Assault and Sexual Misconduct** (January 17, 2020)). Think about it. TCU knows that more than 1 in 4 of TCU's female students—the daughters of families that pay TCU's tuition thinking the school will protect them-- will likely be sexually assaulted. But, far from protecting its female students, in a case where the rape is proven in spades, the University imposes no significant consequence whatsoever.

You don't have to be a rape specialist to understand that men rape women because they think they can get away with it. That is clearly what happened in my case. "She's asleep so I can do it, and when she realizes what's happening, she might not object. I won't even have to wear a condom! If she complains, I'll say she consented and that she just changed her mind."

A maxim in the law is that when a particular consequence is "substantially certain" to follow a given action, then that consequence is deemed to be **intended**.[1] For the rape in my case, the consequence of the panel's assessment of a non-"remedy"—where the rapist admitted in a recorded conversation the same day as the event that he did *not* obtain my consent but just "*assumed*" it--is substantially certain to encourage more men to rape their dates. After all, in most cases of rape of an incapacitated female, there are no witnesses, much less a confession; so it's just "he said, she said," and the man goes free. In accordance with the cited legal maxim, by assessing this non-"remedy" where lack of consent is proven by the rapist's own words, TCU is deemed to **intend** to encourage rape.

If the proven rapist in my case is not at least suspended, then TCU's policy is de facto: "Every male student gets one free rape." In that case, TCU should be required to include a warning on its website to actual and potential female students: "Ladies, please note that if your date rapes you while you are asleep or otherwise incapable of consenting, he will receive no consequence from the University. If you have a recording where he admits he did not get your consent, he will receive a very light slap on the wrist, along with a wink from the University. You may suffer a lifetime of trauma from the event, but that's on you for expecting the University to do anything to discourage rape."

I respectfully submit that the so called "remedy" in my case harms not just me, but all of TCU and all of TCU alumni because it suggests that the University's moral compass is broken. Therefore, I request that you impose a penalty that, if made public, will make the women of TCU feel that rape is taken seriously by the University; and that when they come forward, they will be respected and protected.

Anything less than suspension is an insult to everyone.

---

[1] The Second Restatement defines intent to mean "that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it." *See* Restatement (Second) of Torts § 8A. That definition, which the Texas Supreme Court applied in *Reed Tool Co. v. Copelin* , *689 S.W.2d 404, 406 (Tex. 1985)*, was restyled in the Third Restatement, which provides: "A person acts with the intent to produce a consequence if: (a) the person acts with the purpose of producing that consequence; or (b) the person acts knowing that the consequence is substantially certain to result." Restatement (Third) of Torts: Phys. & Emot. Harm § 1.